IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESIREE PURVENAS-HAYES<br>757 Rattling Run Road<br>Mickleton, New Jersey 08056 | : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | No. _____ |
| v. | : : : | JURY TRIAL DEMANDED |
| SALTZ, MONGELUZZI & BENDESKY, P.C.<br>1650 Market Street, 52nd Floor<br>Philadelphia, PA 19103 and | : : : : : | |
| *Defendants.* | : : | |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Desiree Purvenas-Hayes (hereinafter "Plaintiff") has initiated the instant action to recover damages for violations of the Americans with Disabilities Act (ADA).

2. Plaintiff seeks redress for Defendant's deliberate violations of the confidentiality requirements of the ADA.

### II. Parties

3. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

4. Plaintiff is an adult individual with an address as captioned above.

5. Defendant Saltz, Mongeluzzi & Bendesky, P.C. (hereinafter "Defendant") is a Pennsylvania Professional Corporation (PA Secretary of State Entity No. 2800152) with

1

a business address as captioned above.

6. Defendant is a nationally-recognized plaintiffs' litigation firm specializing in cases arising from catastrophic construction accidents and mass casualty events.

7. Defendant is an "employer" as that term is utilized in the Americans with Disabilities Act (ADA) because it employs or employed in excess of fifteen (15) individuals in the current or preceding calendar year.

8. Plaintiff formerly worked for Defendant as a litigation paralegal.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, including but not limited to Robert Mongeluzzi, Esquire, all of whom acted in the course and scope of their employment.

### III.     Jurisdiction and Venue

10. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

11. The Court may properly maintain personal jurisdiction over Defendant because its contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

12. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under federal law.

13. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein (or later added) pursuant to 28 U.S.C. § 1367(a) and Rule 18 (a) of the

Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

14. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the acts and omissions giving rise to the claims set forth herein (including specifically Defendant's disclosures in violation of the ADA) occurred exclusively in this judicial district.

### IV. Administrative Remedies

15. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

16. Plaintiff has exhausted the administrative remedies required for proceeding with her claims under the Americans with Disabilities Act.

17. Plaintiff filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission asserting claims of disability discrimination on August 1, 2022 at Charge No. 530-2022-06384.

18. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on March 31, 2023.

19. The instant action has been commenced within ninety (90) days of the receipt of the foregoing Notice of Right to Sue.

### V. Factual Background

20. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

21. Plaintiff was employed as a litigation paralegal for Respondents from January of 2012 through July 29, 2021.

22. During her employment, Defendant required Plaintiff to provide it with certain confidential medical information, including her COVID-19 vaccination status, in response to a medical inquiry from Defendant.

23. Plaintiff provided the foregoing information as required by Defendant.

24. The foregoing information was specifically solicited by Defendant and would not have been provided by Plaintiff but for that fact.

25. On June 7, 2022, after leaving Defendant's employ, Plaintiff filed a civil action in the United States District Court for the Eastern District of Pennsylvania (seeking to recover unpaid overtime compensation) at Civil Action no. 2:22-cv-02277.

26. On or about June 12 or June 13, 2022, Robert Mongeluzzi, an agent and employee of Defendant, made statements regarding the foregoing confidential medical information to the Philadelphia *Legal Intelligencer* (a Philadelphia legal newspaper read by over 14,000 members of the legal community daily).

27. Mongeluzzi stated that Plaintiff was not vaccinated against the COVID-19 virus, and was one of two employees of Defendant who allegedly refused the vaccination.

28. The *Legal Intelligencer* reported the foregoing statements to the Philadelphia legal community on June 13, 2022, causing Plaintiff tangible injury, including significant embarrassment, emotional distress, and pain and suffering.

### COUNT I
### Violations of the Americans With Disabilities Act

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. The confidentiality requirements of the Americans with Disabilities Act cover all employees, regardless of whether they are qualified individuals with a disability under the Act. *See, e.g., McPherson v. O'Reilly Automotive, Inc.,* 491 F.3d 726 (8th Cir. 2007).

31. The foregoing disclosure of confidential medical information by Defendant was in direct violation of the confidentiality requirements of the Americans with Disabilities Act. *See* 42 U.S.C. § 12112(d)(3)(B) and §12112(d)(4)(C).

32. Defendant solicited confidential medical information from Plaintiff.

33. Plaintiff provided the information solicited by Defendant.

34. Defendant failed to keep the information confidential by disclosing it as aforesaid.

35. Defendant failed to keep the aforesaid information on separate forms or in separate medical files as specifically required by the Americans with Disabilities Act. *See* 42 U.S.C. § 12112(d)(3)(B) and §12112(d)(4)(C).

36. Plaintiff suffered tangible injury as a result of the disclosure.

37. The disclosure by Defendant was not protected by any of the three (3) exemptions set forth in the Americans with Disabilities Act, allowing limited disclosure for the purpose of: (a) informing supervisors of necessary restrictions or accommodations; (b) first aid or emergency treatment; or (c) response to government inquiries. *See* 42 U.S.C. § 12112(d)(3)(B)(i)-(iii).

38. Defendant's disclosure as aforesaid was willful and intended to harm Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

   A. That judgment be entered in Plaintiff's favor and against Defendant on the claims set forth in the instant Complaint;

B. That Plaintiff be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions and/or inactions of Defendant;

C. That Plaintiff be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter it and/or other persons or entities from engaging in such misconduct in the future;

D. That Plaintiff is to be accorded all other legal, equitable or injunctive relief as the Court deems just and proper;

E. That Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees and costs as provided by applicable law;

F. That Plaintiff's claims against Defendant are to receive a trial by jury. Plaintiff has also endorsed this demand on the caption of the instant Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

S/ Wayne A. Ely
Wayne A. Ely, Esquire
Attorney for Plaintiff
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979

June 12, 2023