**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DESIREE PURVENAS-HAYES,<br><br>     Plaintiff,<br><br>     v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.,<br><br>     Defendant. | Case No.: 2:23-CV-02403-JDW |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     RELEVANT FACTUAL ALLEGATIONS ............................................................ 3

III.    ARGUMENT .......................................................................................................... 5

      A.     Standard of Review............................................................................................ 5

      B.     The Intelligencer Statement Does Not Concern Information Covered by
           the ADA, and Thus the Complaint Fails as a Matter of Law. ............................ 5

      C.     Alternatively, Plaintiff's Complaint Should Be Dismissed Because She
           Fails to Allege Any Tangible Injury Associated with the Alleged
           Violation. ......................................................................................................... 10

IV.     CONCLUSION...................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................5, 11

*Bassett v. Rent-A-Center*,
   80 F. App'x 776 (3d Cir. 2003) ...........................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................5, 11

*Brightwell v. Lehman*,
   No. CIV.A. 03-205J, 2006 WL 931702 (W.D. Pa. Apr. 10, 2006) .......................10

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256 (3d Cir. 2006)....................................................................................4

*Chancey v. BASF Corp.*,
   No. 22-00034, 2022 WL 18438375 (S.D. Tex. Dec. 29, 2022).............................6, 7

*Chilcott v. Erie Cnty. Prison*,
   No. CV 17-341, 2018 WL 5982441 (W.D. Pa. Nov. 14, 2018), *aff'd*, 774 F.
   App'x 99 (3d Cir. 2019)...........................................................................................2

*E.E.O.C. v. U.S. Steel Corp.*,
   No. 10-cv-12, 2013 WL 625315 (W.D. Pa. Feb. 20, 2013)......................................9

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009).....................................................................................5

*Friend v. AstraZeneca Pharms. LP*,
   No. 22-cv-3308, 2023 WL 3390820 (D. Md. May 11, 2023)...................................7

*Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*,
   859 F. Supp. 2d 706 (D.N.J. 2012) .......................................................................10

*Johnson v. Mount Sinai Hosp. Grp., Inc.*,
   No. 22-2936, 2023 WL 2163774 (E.D.N.Y. Feb. 22, 2023) ...................................8

*Jorgenson v. Conduent Transp. Sols., Inc.*,
   No. 22-cv-01648, 2023 WL 1472022 (D. Md. Feb. 2, 2023)...................................7

*Lewis v. Univ. of Pa.*,
   779 F. App'x 920 (3d Cir. 2019) .........................................................................8, 9

*Mankodi v. Trump Marina Assocs., LLC*,
    525 F. App'x 161 (3d Cir. 2013) .........................................................................11

*McPherson v. O'Reilly Automotive, Inc.*,
    491 F.3d 726 (8th Cir. 2007) ...............................................................................10

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
    848 F.2d 414 (3d Cir. 1988)...................................................................................2

*Raciti v. Rushmore Loan Mgmt. Servs., LLC*,
    412 F. Supp. 3d 462 (D.N.J. 2019) ....................................................................11

*Speaks v. Health Sys. Mgmt., Inc.*,
    No. 22-cv-00077, 2022 WL 3448649 (W.D.N.C. Aug. 17, 2022) ..........................8

*Sutton v. United Air Lines, Inc.*,
    130 F.3d 893 (10th Cir. 1997) ...........................................................................8, 9

*Utility Air Reg. Grp. v. E.P.A.*,
    573 U.S. 302 (2014)............................................................................................8, 9

*Walden v. Patient-Centered Outcomes Rsch. Inst.*,
    177 F. Supp. 3d 336 (D.D.C. 2016) ...................................................................11

*White v. Brommer*,
    747 F. Supp. 2d 447 (E.D. Pa. 2010) .................................................................11

**Statutes**

42 U.S.C. § 12102.....................................................................................................6

42 U.S.C. § 12112...........................................................................................5, 6, 9, 10

American with Disabilities Act ("ADA")............................................................ *passim*

EEOC Enforcement Guidance: Disability-related Inquiries and Medical
    Examinations of Employees Under the Americans with Disabilities Act
    (2000) ....................................................................................................................6

Fair Labor Standards Act ("FLSA")..............................................................4, 5, 12

Rehabilitation Act ...................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................3, 7, 11

H.R. Rep. No. 101-485, pt. II....................................................................................9

## I.      INTRODUCTION

Plaintiff's Complaint fails for a purely legal reason: the Americans with Disabilities Act ("ADA") does not apply to the statement at issue.  The ADA's legislative history makes this clear. The ADA's plain text makes this clear. And recent caselaw makes this clear.

This is the second case that Plaintiff has filed against her former employer, Saltz Mongeluzzi & Bendesky P.C. ("SMB"), and it is the second time that Plaintiff has tried to concoct a claim from a statement made to *The Legal Intelligencer* by SMB shareholder Robert Mongeluzzi (the "*Intelligencer* Statement")*.*  Her new lawsuit, which is brought as a single count under the ADA, suffers from multiple defects, some of which were the basis for the dismissal of her invasion of privacy claim in the prior action.

The first case began with a straightforward claim by Plaintiff, a former SMB paralegal, who contended that she was not paid for overtime she supposedly worked while at home during the COVID-19 pandemic.  Plaintiff avers that, when contacted by *The Legal Intelligencer* about the lawsuit, Mr. Mongeluzzi commented that the claim was unfounded and that Plaintiff was a disgruntled employee who had resigned because she did not wish to comply with the firm's vaccine mandate.[1]  Plaintiff then amended her complaint to add a claim that Mr. Mongeluzzi had invaded her privacy by disclosing confidential medical information.  Defendants moved to dismiss the tort claim, noting that Mr. Mongeluzzi's comments did not reveal medical information or any information about Plaintiff that was arguably confidential.  Judge Robreno granted SMB's motion, explaining that an individual's preference not to be vaccinated is a matter of "policy or politics," rather than confidential medical information, and that the disclosure of the employee's stated views

---

[1] SMB disputes the accuracy of this allegation, as the article purported to paraphrase Mr. Mongeluzzi's comments and his actual comments were somewhat different from what was reported.  But SMB, of course, accepts the allegations as true for purposes of this motion only.

does not "stigmatize[] someone health-wise." Exhibit A, Transcript of Defendants' Motion to Dismiss Hearing Before the Honorable Eduardo C. Robreno ("Hearing Tr.") at 28:2-9.[2]

Plaintiff then filed a disability discrimination charge with the Equal Employment Opportunity Commission, and now this second lawsuit. She reiterates the same factual allegations and complains that Mr. Mongeluzzi's comment about her stated position on vaccinations violated the ADA, 42 U.S.C. §§ 12101 *et seq*. Yet again her claim fails as a matter of law, for two reasons.

***First,*** the ADA protects ***only*** information learned through inquiries likely to disclose the existence of a ***disability***—not all medical information. It is not a privacy statute, and it does not protect the confidentiality of all employee medical information. Indeed, not every comment about an employee's health information or preferences implicates the ADA. The ADA protects only narrow categories of information learned through medical inquiries or examinations, which by statutory definition and case law relate to whether an employee is ***disabled*** or to the severity or nature of an employee's ***disability***. As Judge Robreno and several courts have held, information relating to an employee's vaccination status relates to neither as a matter of law.

Judge Robreno held that Mr. Mongeluzzi's statement revealed information relating to "politics or policy," not medical information. That should end the inquiry. But even if the *Intelligencer* Statement had revealed medical information, it would not have revealed medical

---

[2] This Court may consider Judge Robreno's on-the-record holding in deciding the instant Motion. *Chilcott v. Erie Cnty. Prison*, No. CV 17-341, 2018 WL 5982441, at *1 (W.D. Pa. Nov. 14, 2018), *aff'd*, 774 F. App'x 99 (3d Cir. 2019) ("Because dockets are a matter of public record, the Court may consider the filings in Plaintiff's prior lawsuits without converting Defendants' motions to dismiss into motions for summary judgment."); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 (3d Cir. 1988) ("the district court was entitled to take judicial notice of [filings in other] matters in rendering its decision, regardless of the motion employed"). That is especially true here given that the two cases are related.

information **protected by the ADA**, because a comment about an employee's vaccination status (or preference) does not disclose information learned as a result of a medical inquiry or examination under the ADA.  Revealing that an individual is not or "did not wish" to be vaccinated has nothing at all to do with that individual's health; an individual may choose not to be vaccinated due to religious reasons, political beliefs, doubts about the vaccine's efficacy, distrust of pharmaceutical companies or the government, or infinite other reasons.  That is why courts around the country interpreting the ADA's statutory language have recognized that a disclosure of an employee's vaccination status or preference is not protected by the statute.

*Second*, while Plaintiff claims that she has suffered emotional distress as a result of the *Intelligencer* Statement, her conclusory allegations do not reflect a tangible injury that would be necessary to state a claim under the ADA.

Therefore, for the reasons discussed below, the Complaint should be dismissed with prejudice.

## II.    RELEVANT FACTUAL ALLEGATIONS[3]

Plaintiff worked for SMB as a paralegal from January 2012 until her voluntary resignation in July 2021. Compl. ¶ 21. On June 9, 2022, Plaintiff filed a lawsuit against SMB contending that she was not paid for overtime that she worked from her home during the COVID-19 pandemic. *See* Compl. ¶ 25; *Purvenas-Hayes v. Saltz, Mongeluzzi & Bendesky*, No. 22-cv-02277, ECF 1.  On June 13, 2022, the *Intelligencer* published an article about the lawsuit.  The article described the

---

[3] SMB disputes many of the factual allegations in the Complaint but, for purposes of this Motion only, accepts them as true.  *See* FED. R. CIV. P. 12(b)(6).

claims for overtime pay and referenced comments made by Mr. Mongeluzzi in response to questions from the reporter who covered the story:[4]

> According to Mongeluzzi, Purvenas-Hayes' July 2021 departure came just two weeks before the firm's deadline for employees to receive their firm-mandated COVID-19 vaccinations. He said she left because she ***did not wish*** to receive the shot and that she was one of two employees in the approximately 100-person firm not to comply.
>
> Mongeluzzi said the case is an instance of a disgruntled employee suing over unfounded claims.

*See* Article, Exhibit B (emphasis added).[5]

On August 1, 2022, Plaintiff filed an Amended Complaint adding Mr. Mongeluzzi as a defendant and asserting claims for FLSA retaliation and invasion of privacy based on the *Intelligencer* Statement. *Purvenas-Hayes v. Saltz, Mongeluzzi & Bendesky*, No. 22-cv-02277, ECF 8. SMB moved to dismiss the retaliation and invasion of privacy claims, and Judge Robreno granted the motion for the reasons noted above. *See Purvenas Hayes v. Saltz, Mongeluzzi & Bendesky*, No. 22-cv-02277, ECF 17. Plaintiff then filed a Second Amended Complaint in the original case on November 7, 2022, in which she withdrew her invasion of privacy claim but attempted to remedy the pleading deficiencies in her FLSA retaliation claim. *See id.* at ECF 25. SMB again moved to dismiss the FLSA retaliation claim, and Judge Robreno

---

[4] Again, Mr. Mongeluzzi's actual comments were somewhat different than what was reported, but for purposes of this motion only, SMB accepts as true the statements attributed to him.

[5] Although Plaintiff did not attach the article to her Complaint, the article is integral to and relied upon by the Complaint and, therefore, the Court may consider the article's actual text—not Plaintiff's mischaracterization of it—in adjudicating this Motion to Dismiss. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." (citation omitted)).

dismissed the claim with prejudice, finding that Plaintiff still failed to allege a cognizable injury. *See id.* at ECF 34. Six months later, on June 22, 2023, Plaintiff filed the instant action alleging that the *Intelligencer* Statement revealed confidential medical information in violation of the ADA.

## III.    ARGUMENT

### A.    <u>Standard of Review</u>

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Plaintiff must set forth "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* Where a complaint merely alleges entitlement to relief, but does not allege facts showing entitlement, it must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### B.    <u>The *Intelligencer* Statement Does Not Concern Information Covered by the ADA, and Thus the Complaint Fails as a Matter of Law.</u>

Plaintiff's claim fails because the provisions of the ADA on which she bases her Complaint—42 U.S.C. §§ 12112(d)(3)(B) and 12112(d)(4)(C), *see* Compl. ¶ 31—do not apply to a disclosure of vaccination status. U.S. Code Title 42, Section 12112(d)(4)(C) provides that "information obtained under [42 U.S.C. § 12112(d)(4)(B)] regarding the medical condition or history of any employee [is] subject to the requirements of subparagraphs (B) and (C) of paragraph (3)." U.S. Code Title 42, Section 12112(d)(4)(B), meanwhile, provides in relevant part that "[a]

covered entity may make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B).  U.S. Code Title 42, Section 12112(d)(4)(A) explains that an "inquiry" for purposes of the ADA is one into "whether such employee is an individual with a disability or as to the nature or severity of the disability."  An employer must treat information learned through an "inquiry" as a confidential medical record pursuant to 42 U.S.C. § 12112(d)(3)(B).

Reading these provisions together, the ADA requires employers to maintain the confidentiality of information obtained from an employee through an "inquiry" into "whether such employee is an individual with a *disability* or as to the nature or severity of such *disability*."  *See* 42 U.S.C. §§ 12112(3)(B), 12112(4)(A)-(C); *see also Chancey v. BASF Corp.*, No. 22-00034, 2022 WL 18438375, at *4 (S.D. Tex. Dec. 29, 2022) ("The provision does *not* prohibit all medical inquiries, but only those "as to whether such employee is an individual with a *disability* or as to the nature or severity of the *disability*.'" (emphasis added)).  According to EEOC guidance, a "'disability-related inquiry' is a question (or series of questions) that is likely to elicit information about a disability."[6]  The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1).

Here, Plaintiff alleges that SMB "required [her] to provide it with certain confidential medical information, including her COVID-19 vaccination status, in response to a medical inquiry" (Compl. ¶ 22), and then violated the ADA by disclosing to the *Intelligencer* that she wished not to be vaccinated.  She does *not* allege—nor could she—that SMB inquired about any purported disability, let alone disclosed such information, because being unvaccinated (or

---

[6] EEOC Enforcement Guidance: Disability-related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (2000), 2000 WL 33407181, at *3 ("EEOC Inquiries and Medical Examinations Guidance").

vaccinated) does not constitute a disability. The ADA simply does not protect information about an employee's vaccination status.

Courts agree. In *Chancey*, for example, the plaintiff alleged that the employer violated the ADA by, among other things, inquiring into his vaccination status, regarding him as disabled based on his "unvaccinated" status, and "widely sharing this classification of the plaintiff with other employees without any regard to confidentiality." *See* Am. Compl. ¶ 30, *Chancey*, No. 22-cv-0034 at ECF No. 6. The court held that the employer's inquiry into the plaintiff's vaccination status was not an "action allegedly taken by [the employer] that constitutes a disability-related inquiry or medical examination," and that "[i]ndeed, everything [the employer] is alleged to have done is ***expressly authorized by the EEOC***."[7] *See Chancey*, 2022 WL 18438375 at *4 (emphasis added); *see also Jorgenson v. Conduent Transp. Sols., Inc.*, No. 22-cv-01648, 2023 WL 1472022, at *5 (D. Md. Feb. 2, 2023) (finding that an employer's COVID-19 vaccine attestation requirement did not constitute a medical examination or an inquiry about a disability or disabling condition); *Friend v. AstraZeneca Pharms. LP*, No. 22-cv-3308, 2023 WL 3390820, at *5 (D. Md. May 11, 2023) (granting Rule 12(b)(6) motion to dismiss ADA claim predicated on the requirement that an employee disclose his COVID-19 vaccination status because it "does not implicate any disability"). The EEOC takes the same position:

> When an employer asks employees whether they obtained a COVID-19 vaccination, ***the employer is not asking the employee a question that is likely to disclose the existence of a disability***; there are many reasons an employee may not show documentation or other confirmation of vaccination besides having a disability. Therefore, ***requesting documentation or other confirmation***

---

[7] The court in *Chancey* relied on the same EEOC guidance that Plaintiff cited in the parties' joint pre-motion letter (and will likely cite in her opposition briefing).

**of vaccination is not a disability-related inquiry under the ADA**, and the ADA's rules about making such inquiries do not apply.[8]

Further—and consistent with Judge Robreno's reasoning—courts have made clear that an employee's vaccination status (or decision to get or not get vaccinated) reflects a personal choice, rather than a medical condition or disability. *See, e.g.*, *Speaks v. Health Sys. Mgmt., Inc.*, No. 22-cv-00077, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022) ("Refusing to get a vaccine required by an employer is not itself an 'impairment' of any sort," but rather "reflects a personal *choice*.") (emphasis in original); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-2936, 2023 WL 2163774, at *6 (E.D.N.Y. Feb. 22, 2023) ("The decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses.").

In the parties' joint pre-motion letter, Plaintiff argued (and will likely argue in briefing) that the Court should defer to EEOC guidance providing that information relating to vaccination status "must be kept confidential and stored separately from the employee's personnel files under the ADA." *See* EEOC COVID Guidance at K.4. EEOC interpretive guidelines, however, are not entitled to deference when they are "plainly erroneous or inconsistent with the regulation[s]" or (as here) internally inconsistent. *See Lewis v. Univ. of Pa.*, 779 F. App'x 920, 924 n.6 (3d Cir. 2019); *see also Utility Air Reg. Grp. v. E.P.A.*, 573 U.S. 302, 321 (2014) ("[A]n agency interpretation that is inconsistent with the design and structure of the statute as a whole does not merit deference." (citation omitted)); *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902 (10th Cir. 1997) (rejecting EEOC interpretive guidance that conflicted with the ADA and was **internally**

---

[8] What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws at K.9., https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K (the "EEOC COVID Guidance"); *see also id.* at K.1. ("[T]he EEO laws do not prevent employers from requiring documentation or other confirmation that employees are up to date on their vaccinations.").

*inconsistent*).   That is the case here: the EEOC's guidance conflicts not only with the plain language of the ADA but with itself.   As set forth above, the same EEOC guidance recognizes that inquiring as to an employee's COVID vaccination status is not likely to disclose the existence of a disability.  *See* EEOC COVID Guidance at K.9.  Thus, it does not trigger the ADA's "rules about making such inquiries"—i.e., 42 U.S.C. § 12112(3)(B).  *See id.*  It is impossible to square section K.4 of the EEOC guidance with section K.9 of the same guidance, and equally impossible to square it with the actual text of the ADA—which controls.  *See Lewis*, 779 F. App'x at 924 n.6; *Utility Air Reg. Grp.*, 573 U.S. at 321; *Sutton*, 130 F.3d at 902.

All of this squares with Judge Robreno's analysis in the first lawsuit brought by Plaintiff, in which he held that vaccination preference is a matter of "policy or politics" and does not "stigmatize[] someone health-wise." Ex. A at 28:2-9.  It is also in accord with "[t]he goal of the ADA's ban on medical inquiries," which "was to prevent employers from disfavoring people with *disabilities* based on 'stereotypes, discomfort, misconceptions, and unfounded fears about increased costs and decreased productivity' and otherwise '*stigmatizing* the person with a disability.'"  *E.E.O.C. v. U.S. Steel Corp.*, No. 10-cv-12, 2013 WL 625315, at *18 (W.D. Pa. Feb. 20, 2013) (quoting H.R. Rep. No. 101-485, pt. II, at 71, 75 (emphasis added)).

As Judge Robreno held, there is nothing "stigmatizing"—and certainly no disability-related stigma—associated with someone's not being vaccinated.   Indeed, the *Intelligencer* Statement could not—even reading it most favorably to Plaintiff—have disclosed Plaintiff's vaccination status after July 2021 (which is when she resigned).  In July 2021, roughly tens of millions of Americans were unvaccinated.  Those individuals made those choices for infinite different reasons—most of which had nothing to do with disabilities.  The Statement, therefore,

does not give rise to any reasonable inference that Plaintiff's vaccination status related to any disability.

Last, even if vaccination status were protected by the ADA—and, as explained above, it is not—the *Intelligencer* Statement did not disclose Plaintiff's unvaccinated status.  Rather, the statement merely reflects Plaintiff's stated preference, that she "did not wish" to be vaccinated. *See* Ex. B.[9]  Given that the disclosure of an employee's actual vaccination status does not implicate the ADA (as explained above), it follows that the disclosure of Plaintiff's mere vaccination preference cannot form the basis of her claim.  That provides an independent basis for dismissal.

In sum, because the ADA does not protect information relating to an employee's vaccination status, much less preference, Plaintiff's Complaint should be dismissed.

### C.     Alternatively, Plaintiff's Complaint Should Be Dismissed Because She Fails to Allege Any Tangible Injury Associated with the Alleged Violation.

Even if there were some basis to find that Mr. Mongeluzzi revealed confidential medical information in commenting about Plaintiff's preference not to be vaccinated, the ADA claim cannot survive this dismissal motion.  Plaintiff does not allege that she suffered any tangible injury as a result of the alleged disclosure as the ADA requires, nor could she do so plausibly.  *See Bassett v. Rent-A-Center*, 80 F. App'x 776, 778 (3d Cir. 2003) (requiring "actual injury" or "tangible injury" as element of 42 U.S.C. § 12112 claim).  Indeed, in *McPherson v. O'Reilly Automotive,*

---

[9] Plaintiff alleges that SMB disclosed her vaccination **status**—"Mongeluzzi stated that Plaintiff was not vaccinated against the COVID-19 virus," Compl. ¶ 27)—but that allegation is directly contradicted by the *Intelligencer* article, which states only that Mr. Mongeluzzi "said she left because she **did not wish** to receive the shot."  The *Intelligencer* article—not Plaintiff's allegation—controls.  *Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) ("[W]hen allegations contained in a complaint are contradicted by the document it cites, the document controls.'"); *Brightwell v. Lehman,* No. CIV.A. 03-205J, 2006 WL 931702, at *3 (W.D. Pa. Apr. 10, 2006) ("the document[] control[s], and the Court need not accept the allegations contained with the complaint as true").  Regardless, as described herein, even an employee's vaccination **status** is not covered by the ADA.

*Inc.*, 491 F.3d 726, 732 (8th Cir. 2007), which Plaintiff cites in her Complaint (*see* ¶ 30), the court held that a plaintiff bringing a claim under the ADA must show "some kind of tangible injury as a result of the disclosure."

Plaintiff's only allegation of injury is her conclusory and threadbare recitation that she suffered "tangible injury, including significant embarrassment, emotional distress, and pain and suffering." Compl. ¶ 28. Such allegations are not entitled to a presumption of truth on a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 663. Indeed, courts regularly disregard such boilerplate recitations. *See, e.g.*, *White v. Brommer*, 747 F. Supp. 2d 447, 466 (E.D. Pa. 2010) (allegation that plaintiff "suffered, and continues to suffer, severe emotional distress" was "nothing more than a conclusory recitation . . . insufficient under *Twombly*"); *Raciti v. Rushmore Loan Mgmt. Servs., LLC*, 412 F. Supp. 3d 462, 471-72 (D.N.J. 2019) (dismissing claim where "aside from the conclusory statement that 'Plaintiffs have suffered emotional distress[,]' the Complaint contains no allegations at all regarding Plaintiffs' alleged emotional distress."); *Mankodi v. Trump Marina Assocs., LLC*, 525 F. App'x 161, 166 (3d Cir. 2013) (affirming dismissal where "[o]ther than a conclusory statement that he 'suffered emotional distress, outrage, and mental suffering,' Mankodi has not alleged what type of emotional distress he suffered, what symptoms he had, or what treatment, if any, he sought."); *Walden v. Patient-Centered Outcomes Rsch. Inst.*, 177 F. Supp. 3d 336, 345 (D.D.C. 2016) (dismissing disability-based hostile work environment claim where plaintiff merely "state[d] in conclusory fashion that she 'suffered mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain, mental shock, depression, damages to her personal and professional reputation . . .'"). Plaintiff fails to plead, for example, that friends or members of her community raised the *Intelligencer* Statement with her in a manner that caused her "significant embarrassment," that she was forced to seek

medical or psychological treatment for alleged emotional distress, or what type of "pain and suffering" she has endured.

Judge Robreno **twice** dismissed Plaintiff's FLSA retaliation claim for a similar failure to "identify an adverse employment action."  *See* Ex. A, Hearing Tr. at 27:22-23, and *Purvenas-Hayes v. Saltz, Mongeluzzi & Bendesky*, No. 22-02277, Memorandum Granting Defendants' Second Motion to Dismiss, ECF 33 at 11-12 ("Plaintiff's allegations of harm based on legal conclusions must be disregarded.  Her allegations that remain do not sufficiently allege that she suffered a materially adverse employment action—that is, she has not sufficiently alleged that her future employment prospects were harmed." (citations omitted)).  Plaintiff has done nothing to cure that deficiency.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Complaint fails to state a claim for relief.  The Court should therefore dismiss the Complaint with prejudice.  And the Court should not grant leave to amend because any amendment would be futile: the *Intelligencer* Statement is what it is, and no amendment could change the fact that it does not concern information protected by the ADA.

Dated: October 25, 2023

*/s/ Michael L. Banks*
Michael L. Banks (PA ID 35052)
Benjamin K. Jacobs (PA ID 315984)
Shane C. O'Halloran (PA ID 324553)
1701 Market Street
Philadelphia, PA  19103
Tel: 215.963.5000
Fax: 215.963.5001
Email: michael.banks@morganlewis.com
        benjamin.jacobs@morganlewis.com
        shane.ohalloran@morganlewis.com

*Counsel for Defendant Saltz Mongeluzzi & Bendesky P.C.*

-12-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2023, a copy of the foregoing was served via ECF

upon the following:

Wayne Eli
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, PA 19030
wayne3236@gmail.com
*Attorney for Plaintiff Desiree Purvenas-Hayes*

*/s/ Michael L. Banks*
Michael L. Banks