**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DESIREE PURVENAS-HAYES, | |
|      Plaintiff, | |
| v. | |
| SALTZ, MONGELUZZI & BENDESKY P.C., | Case No.: 2:23-CV-02403-JDW |
|      Defendant. | |

**DEFENDANT SALTZ, MONGELUZZI & BENDESKY P.C.'S
<u>ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant Saltz, Mongeluzzi & Bendesky P.C. ("SMB" or "Defendant")[1] hereby submits the following Answer and Defenses to the Civil Action Complaint ("Complaint") filed by Desiree Purvenas-Hayes ("Plaintiff") in accordance with the numbered Paragraphs thereof as follows:

---

[1] Plaintiff incorrectly names Saltz, Mongeluzzi & Bendesky as the Defendant in her Complaint. The firm's name is Saltz Mongeluzzi Bendesky.

# I. INTRODUCTION[2]

**1. Plaintiff, Desiree Purvenas-Hayes (hereinafter "Plaintiff") has initiated the instant action to recover damages for violations of the Americans with Disabilities Act (ADA).[3]**

**ANSWER:** SMB admits that Plaintiff has initiated the instant action in which she purports to seek damages for alleged violations of the Americans with Disabilities Act ("ADA"). SMB denies the remaining allegations in Paragraph 1, and specifically denies that SMB violated the ADA and that Plaintiff is entitled to any damages or relief whatsoever.

**2. Plaintiff seeks redress for Defendant's deliberate violations of the confidentiality requirements of the ADA.**

**ANSWER:** SMB admits that Plaintiff purports to assert a claim in this action under the identified statute.  SMB denies the remaining allegations in Paragraph 2, and specifically denies that SMB violated the ADA and that Plaintiff is entitled to any damages or relief whatsoever.

# II. PARTIES

**3. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

**ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

**4. Plaintiff is an adult individual with an address as captioned above.**

---

[2] SMB repeats the headings in Plaintiff's Complaint for ease of reference but denies the headings insofar as they contain allegations or demands for relief.  SMB denies that Plaintiff is entitled to any damages or other relief, including the relief described in the unnumbered paragraphs following Paragraph 38.

[3] For ease of reference, SMB reproduces herein each of Plaintiff's allegations exactly as they appear in the Complaint (including all errors).

**ANSWER:** SMB admits that Plaintiff is an adult individual and that SMB's records reflect her last known address as 757 Rattling Run Road, Mickleton, NJ 08056.

5. **Defendant Saltz, Mongeluzzi & Bendesky, P.C. (hereinafter "Defendant") is a Pennsylvania Professional Corporation (PA Secretary of State Entity No. 2800152) with a business address as captioned above.**

   **ANSWER:** Admitted.

6. **Defendant Law Firm is a nationally-recognized plaintiffs' litigation firm specializing in cases arising from catastrophic construction accidents and other mass casualty events.**

   **ANSWER:** Admitted, except that SMB specializes in additional types of cases not listed in Paragraph 6.

7. **Defendant is an "employer" as that term is utilized in the Americans with Disabilities Act (ADA) because it employs or employed in excess of fifteen (15) individuals in the current or preceding calendar year.**

   **ANSWER:** SMB admits only that it employs or employed in excess of fifteen (15) individuals in the current or proceeding calendar year.  The remaining allegations in Paragraph 7 are conclusions of law to which no responsive pleading is required.

8. **Plaintiff formerly worked for Defendant as a litigation paralegal.**

   **ANSWER:** Admitted.

9. **At all times relevant hereto, Defendant acted through its agents, servants and employees, including but not limited to Robert Mongeluzzi, Esquire, all of whom acted in the course and scope of their employment.**

   **ANSWER:** SMB admits only that SMB acted by and through its authorized agents and employees and that it is not aware of any of SMB's agents or employees acting outside the course and scope of their employment with respect to Plaintiff.  SMB denies the remaining allegations of Paragraph 9.

### III. JURISDICTION AND VENUE

**10. The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

    **ANSWER:** SMB herein incorporates by reference its responses to the foregoing

paragraphs in their entirety as if set forth in full.

**11. The Court may properly maintain personal jurisdiction over Defendant because its contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.**

    **ANSWER:** The allegations of Paragraph 11 are conclusions of law to which no responsive

pleading is required.

**12. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under federal law.**

    **ANSWER:** The allegations of Paragraph 12 are conclusions of law to which no

responsive pleading is required.

**13. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein (or later added) pursuant to 28 U.S.C. § 1367(a) and Rule 18 (a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.**

    **ANSWER:** The allegations in Paragraph 13 are conclusions of law to which no

responsive pleading is required.

**14. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the acts and omissions giving rise to the claims set forth herein (including specifically Defendant's disclosures in violation of the ADA) occurred exclusively in this judicial district.**

**ANSWER:** SMB admits only that it conducts business in this judicial district and that Plaintiff was employed by SMB in this judicial district.  SMB denies that it disclosed information regarding Plaintiff in violation of the ADA or any other law and that Plaintiff is entitled to any relief whatsoever.  The remaining allegations in Paragraph 14 are conclusions of law to which no responsive pleading is required.

## IV. ADMINISTRATIVE REMEDIES

**15. The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

**ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

**16. Plaintiff has exhausted the administrative remedies required for proceeding with her claims under the Americans with Disabilities Act.**

**ANSWER:** The allegations in Paragraph 16 are conclusions of law to which no responsive pleading is required.

**17. Plaintiff filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission asserting claims of disability discrimination on August 1, 2022 at Charge No. 530-2022-06384.**

**ANSWER:** It is admitted that Plaintiff filed a charge of discrimination with the EEOC on or about August 1, 2022.  The remaining allegations in Paragraph 17 are conclusions of law to which no responsive pleading is required and/or purport to characterize a written document that speaks for itself.

**18. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on March 31, 2023.**

**ANSWER:** Admitted.

**19. The instant action has been commenced within ninety (90) days of the receipt of the foregoing Notice of Right to Sue.**

**ANSWER:** SMB admits that Plaintiff filed the instant action on June 22, 2023, which is within ninety (90) days of March 31, 2023.

## V. FACTUAL BACKGROUND

**20. The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

**ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

**21. Plaintiff was employed as a litigation paralegal for Respondents from January of 2012 through July 29, 2021.**

**ANSWER:** SMB admits that Plaintiff was employed by SMB as a litigation paralegal from January 2012 through July 29, 2021.  SMB denies the remaining allegations in Paragraph 21, and specifically denies that Plaintiff was employed by undefined "Respondents."

**22. During her employment, Defendant required Plaintiff to provide it with certain confidential medical information, including her COVID-19 vaccination status, in response to a medical inquiry from Defendant.**

**ANSWER:** Denied.

**23. Plaintiff provided the foregoing information as required by Defendant.**

**ANSWER:** Denied.

**24. The foregoing information was specifically solicited by Defendant and would not have been provided by Plaintiff but for that fact.**

**ANSWER:** Denied.

**25. On June 7, 2022, after leaving Defendant's employ, Plaintiff filed a civil action in the United States District Court for the Eastern District of Pennsylvania (seeking to recover unpaid overtime compensation) at Civil Action No. 2:22-cv-02277.**

**ANSWER:** Admitted.

26. **On or about June 12 or June 13, 2022, Robert Mongeluzzi, an agent and employee of Defendant, made statements regarding the foregoing confidential medical information to the Philadelphia *Legal Intelligencer* (a Philadelphia legal newspaper read by over 14,000 members of the legal community daily).**

    **ANSWER:** SMB admits only that, on or about June 12 or 13, 2022, Mr. Mongeluzzi spoke to *The Legal Intelligencer* about Plaintiff's voluntary decision to leave her employment. It is denied that Mr. Mongeluzzi made statements regarding any confidential medical information regarding plaintiff.   Mr. Mongeluzzi had no confidential medical information about Plaintiff and never disclosed any confidential medical information about Plaintiff.  SMB lacks information sufficient to form a belief as to the allegations in Paragraph 26 as to the readership of *The Legal Intelligencer* and therefore denies the same.  SMB denies the remaining allegations in Paragraph 26, and specifically denies that (a) Mr. Mongeluzzi's statements to *The Legal Intelligencer* disclosed confidential medical information and (b) that Plaintiff has accurately characterized Mr. Mongeluzzi's statements to *The Legal Intelligencer*.

27. **Mongeluzzi stated that Plaintiff was not vaccinated against the COVID-19 virus, and was one of two employees of Defendant who allegedly refused the vaccination.**

    **ANSWER:** Denied.

28. **The *Legal Intelligencer* reported the foregoing statements to the Philadelphia legal community on June 13, 2022, causing Plaintiff tangible injury, including significant embarrassment, emotional distress, and pain and suffering.**

    **ANSWER:** Denied.

## Count I
## Violations of the Americans With Disabilities Act

29. **The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

    **ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

30. **The confidentiality requirements of the Americans with Disabilities Act cover all employees, regardless of whether they are qualified individuals with a disability under the Act.** *See, e.g.*, *McPherson v. O'Reilly Automotive, Inc.*, 491 F.3d 726 (8th Cir. 2007).

   **ANSWER:** The allegations of Paragraph 30 are conclusions of law to which no

responsive pleading is required.

31. **The foregoing disclosure of confidential medical information by Defendant was in direct violation of the confidentiality requirements of the Americans with Disabilities Act.** *See* **42 U.S.C. § 12112(d)(3)(B) and § 12112(d)(4)(C).**

   **ANSWER:** Denied.

32. **Defendant solicited confidential medical information from Plaintiff.**

   **ANSWER:** Denied.

33. **Plaintiff provided the information solicited by Defendant.**

   **ANSWER:** Denied.

34. **Defendant failed to keep the information confidential by disclosing it as aforesaid.**

   **ANSWER:** Denied.

35. **Defendant failed to keep the aforesaid information on separate forms or in separate medical files as specifically required by the Americans with Disabilities Act.** *See* **42 U.S.C. § 12112(d)(3)(B) and § 12112(d)(4)(C)**.

   **ANSWER:** Denied.

36. **Plaintiff suffered tangible injury as a result of the disclosure**.

   **ANSWER:** Denied.

37. **The disclosure by Defendant was not protected by any of the three (3) exemptions set forth in the Americans with Disabilities Act, allowing limited disclosure for the purpose of: (a) informing supervisors of necessary restrictions or accommodations; (b) first aid**

**or emergency treatment; or (c) response to government inquiries.** *See* **42 U.S.C. § 12112(d)(4)(B)(i)-(iii).**

    **ANSWER:** Denied.

**38. Defendant's disclosure as aforesaid was will and intended to harm Plaintiff.**

    **ANSWER:** Denied.

    SMB denies that Plaintiff is entitled to any damages or other relief, including the relief described in the unnumbered "WHEREFORE" Paragraph, including subparagraphs (A) through (F).

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

SMB asserts the following defenses based on its knowledge, information, and belief at this time.  Without conceding that SMB bears the burden of proof or persuasion as to any one of them, SMB asserts the following defenses to the Complaint:

1.      Plaintiff fails to state a claim on which relief can be granted.

2.      Plaintiff cannot establish that SMB's alleged disclosure of information relating to Plaintiff was a knowing, willful, and/or intentional violation of law.

3.      SMB has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of applicable law.

4.      Plaintiff did not disclose her COVID-19 vaccination status to SMB as a result of a medical inquiry.

5.      Any information Plaintiff disclosed to SMB regarding her COVID-19 vaccination status was not confidential.

6.      Plaintiff has not suffered any tangible injury.

7.      Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including but not limited to punitive damages.

**WHEREFORE**, Defendant respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense and such other relief as is allowed by the Court.

Dated: January 12, 2024

Respectfully submitted,

*/s/ Michael L. Banks*

Michael L. Banks (PA ID 35052)
Benjamin K. Jacobs (PA ID 315984)
MORGAN LEWIS BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel: 215.963.5000
Fax: 215.963.500
Email: michael.banks@morganlewis.com
benjamin.jacobs@morganlewis.com

*Counsel for Defendant Saltz Mongeluzzi &
Bendesky P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, a copy of the foregoing was filed electronically and notice of this filing will be sent by operation of the Court's electronic filing system to the attorneys of record.

*/s/ Michael L. Banks*

Michael L. Banks